UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Prim Securities, Inc., et al., | ) | CASE NO. 1:05 CV 783 |
| | ) | |
| Plaintiffs, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| vs. | ) | |
| | ) | |
| William McCarthy, | ) | **Memorandum of Opinion and Order** |
| | ) | |
| Defendant. | ) | |

**INTRODUCTION**

This matter is before the Court upon defendant's Motion to Dismiss for Failure to State a Claim Upon Which Relief May Be Granted (Doc. 22). This case arises out of investment instructions received by defendant from a third party investor and relayed to plaintiffs. For the reasons that follow, the motion is DENIED.

**FACTS**

Plaintiffs, Prim Securities, Inc. and Prim Advisors, Inc., filed this action against defendant, William McCarthy. According to the amended complaint, defendant solicited and obtained investment clients on behalf of plaintiffs. Plaintiffs allege that defendant obtained

1

Bennett Partnership ("Bennett") as an investor. Defendant informed plaintiffs that Bennett wished to invest approximately $300,000 in a small to mid cap growth fund managed by Navellier. Based on defendant's representations, plaintiffs invested Bennett's money in the Navellier fund. In reality, Bennett had in fact instructed defendant to invest the funds in a mutual fund known as PACS Model 80.

As a result of the error, Bennett brought an NASD arbitration against plaintiffs. On January 31, 2005, the NASD arbitration panel found plaintiffs liable to Bennett. Thereafter, plaintiffs filed this lawsuit asserting one claim for relief. This Court granted plaintiffs leave to amend their complaint. The amended complaint contains one count, which alleges both negligence and contractual indemnification. Attached to the amended complaint is a document entitled Internal Registered Representative Securities Commission Contract ("Contract"). Defendant signed the Agreement on December 8, 2000.

Defendant moves to dismiss count one on the grounds that it fails to state a claim for which relief may be granted. Plaintiffs oppose defendant's motion primarily on the grounds that the motion contains evidentiary material, which this Court cannot consider at this stage in the litigation.

**STANDARD OF REVIEW**

When considering a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the allegations of the complaint must be taken as true and construed liberally in favor of the plaintiff. *Lawrence v. Chancery Court of Tenn.,* 188 F.3d 687, 691 (6th Cir. 1999). The complaint is not to be dismissed "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355

U.S. 41, 45-46 (1957). *See also Hammond v. Baldwin,* 866 F.2d 172, 175 (6th Cir. 1989). Notice pleading requires only that the defendant be given "fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley*, 355 U.S. at 47. However, the complaint must set forth "more than the bare assertion of legal conclusions." *Allard v. Weitzman* (*In Re DeLorean Motor Co.*)*,* 991 F.2d 1236, 1240 (6th Cir. 1993).

"In practice, a...complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under *some* viable legal theory." *Scheid v. Fanny Farmer Candy Shops, Inc.,* 859 F.2d 434, 436 (6th Cir. 1988) (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101 (7th Cir. 1984)). Legal conclusions and unwarranted factual inferences are not accepted as true, nor are mere conclusions afforded liberal Rule 12(b)(6) review. *Fingers v. Jackson-Madison County General Hospital District,* 101 F.3d 702 (6th Cir. Nov. 21, 1996), *unpublished*. Dismissal is proper if the complaint lacks an allegation regarding a required element necessary to obtain relief. *Craighead v. E.F. Hutton & Co.,* 899 F.2d 485, 489-490 (6th Cir. 1990).

**DISCUSSION**

Defendant argues that the amended complaint fails to state a claim for which relief may be granted. Specifically, defendant argues that plaintiffs do not allege a cognizable duty flowing from defendant to plaintiffs. As such, to the extent count one sounds in negligence, the claim should be dismissed. According to defendant, the contract was signed after the alleged incidents occurred and "no duty could possibly be present in this case prior to the signing of the Contract." Plaintiffs claim that this Court cannot accept defendant's argument because it relies on evidentiary material, which is beyond the scope of the allegations contained in the complaint.

Specifically, plaintiffs argue that the complaint does not contain any allegation regarding the timing of the alleged incidents.  Therefore, defendant's argument that the incidents occurred before the Contract was signed cannot be accepted at this stage in the litigation.

Upon review of the parties' arguments, the Court agrees with plaintiffs.  In support of his position, defendant makes the sweeping statement that the events giving rise to this lawsuit occurred prior to December 8, 2000, the date on which defendant signed the Contract.  Defendant further argues that this Court should look to the arbitration decision, which defendant claims is a public document, to confirm defendant's position.  Even assuming this decision could be considered at this stage, the document does not reference any date whatsoever.  Apparently recognizing this fact, defendant next claims that because the arbitration panel ruled in favor of Bennett, it must necessarily have accepted the facts presented in Bennett's arbitration statement.  According to defendant, the arbitration statement outlines the relevant dates.  Defendant, however, did not provide the arbitration statement to the Court.  As such, the Court has no way of knowing what information the arbitration panel relied on in reaching its decision.

Defendant further argues that the negligence claim must be dismissed because plaintiffs cannot establish proximate cause.  Specifically, defendant claims that the stock market's performance during 2000-2001 was devastating and, as such, plaintiffs cannot demonstrate that Bennett's losses were caused by defendant's actions.  According to defendant, had plaintiffs placed Bennett's money in the funds it selected, Bennett may have nonetheless filed the arbitration.

This Court rejects defendant's argument for the simple reason that it goes well beyond the allegations set forth in the complaint.  This Court is certainly not in a position to determine

4

the state of the stock market in 2000-2001.  Nor can this Court "presume" that because of market conditions, no other event could cause an investor to recover from its financial service provider.  Plaintiffs have alleged that defendant failed to properly convey Bennett's instructions and that this failure caused plaintiffs to incur damages.  The Court cannot say that plaintiffs can prove no set of facts entitling them to relief.  Accordingly, the Court rejects defendant's argument that plaintiffs cannot, as a matter of law, establish causation.[1]

Next defendant argues that, "because the Contract is inapplicable," the only possible theory supporting count one is implied indemnity.  According to defendant, Ohio courts have rejected implied indemnity claims in circumstances similar to this case.  As set forth above, this Court cannot say that the contract is inapplicable to this case.  In count one, plaintiffs allege that the Contract provides the basis for the indemnity claim, which gives rise to a claim for express indemnity.  Accordingly, the Court finds that plaintiffs have stated a claim for indemnification.  Given the existence of a claim for express indemnity, the Court need not reach defendant's argument that implied indemnification is inapplicable.

In his reply brief, defendant argues that, by failing to identify the timing of the alleged misconduct, plaintiffs fail to satisfy the notice pleading requirements set forth in Rule 8(a) of the Federal Rules of Civil Procedure.

Rule 8(a) requires only a "short plain statement of the claim showing that the pleader is entitled to relief."  A plaintiff need not set forth in detail the facts upon which the claim is based.

---

[1] Defendant's argument that plaintiffs' failure to properly supervise defendant constitutes an intervening cause fails for these same reasons.  To accept this argument requires evidentiary material extraneous to the complaint.

5

*See Conley v. Gibson*, 355 U.S. 41, 47 (1957); *EEOC v. J.H. Routh Packing Co.*, 246 F.3d 850, 851 (6th Cir. 2001); *Kurincic v. Setin, Inc.*, 2002 WL 231417 at * *5 (6th Cir. Feb. 18, 2002). Rule 8 requires only that the pleading "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley*, 355 U.S. at 47.

Upon review of the relevant law, this Court disagrees with defendant's argument. The Court finds that the complaint fairly puts defendant on notice of the nature of the claims asserted against him. Plaintiffs allege that defendant failed to properly convey the investment instructions provided by Bennett and further allege that defendant is subject to the Contract. While the timing of the certain events may be relevant to defendant's position, it is not required in order to alert defendant to the nature of the claim. To require plaintiffs to assert the timing of each underlying event would render a breach of contract or negligence claim subject to the more stringent pleading requirements set forth in Rule 9(b). *See, e.g.*, *Ullmo v. Gilmour Academy*, 273 F.3d 671, 678 (6th Cir. 2001)(requiring claimant to allege, among other things, the timing of the events giving rise to a fraud claim)).

**CONCLUSION**

For the foregoing reasons, the Court DENIES defendant's Motion to Dismiss for Failure to State a Claim Upon Which Relief May Be Granted.

IT IS SO ORDERED.

    /s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge

Dated: 10/21/05